# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRELL A. TEEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-916-JPG |
| | ) |
| R. SMITH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In *Teen v. St. Clair County Jail et al.*, Case No. 17-cv-594-JPG (S.D. Ill. June 5, 2017) ("Original Action"), Plaintiff Antrell A. Teen, an apparent pretrial detainee incarcerated at St. Clair County Jail ("Jail"), brought suit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at St. Clair County Jail. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), two conditions of confinement claims pertaining to boil orders issued at the Jail in February 2016 (Count 4 directed against unspecified parties) and February 2017 (Count 5 directed against Smith) were severed from that initial action to form the basis for this action, Case No. 17-cv-916-JPG.

This case is now before the Court for a preliminary review of that claims pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the relevant allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.

## **The Complaint**

The allegations in Plaintiff's Complaint (Doc. 2) relevant to this severed action are as follows:

On February 18-19, 2016, St. Clair County had a boil order in effect. (Doc. 2, p. 4). Plaintiff was not notified that the water was unsafe to drink, and he did not receive fresh water until the last day of the boil order after he complained. *Id.* There were no announcements made or signs placed instructing inmates not to drink the water. *Id.* Plaintiff put in sick call forms to the nurse on February 18 for nausea, headaches, diarrhea, and vomiting, but he was never seen by medical. *Id.* Plaintiff asked C.O. Riley Rilo about procedures during boil orders, but he was unresponsive. *Id.* Plaintiff believes the supervisors and administrators on duty at the time are at

2

fault for knowing of the boil order and not acting. *Id.*

On February 2, 2017, there was another boil order in effect for St. Clair County. Plaintiff was not notified that the water was unsafe to drink. *Id.* Plaintiff became aware of the order while watching the news. *Id.* At that point, he began to complain, and requested bottled water from Nurse Barbara, though she denied his request. *Id.* C.O. Smith then told Plaintiff that the boil order was not for "this county" and that the water was safe to drink. *Id.* Plaintiff relayed what he had just heard on the news and requested to speak to a supervisor. *Id.* C.O. Smith left the area. *Id.* C.O. Green then came on the intercom and told inmates not to drink the water. *Id.* Fresh water was later brought to Plaintiff's cell block. *Id.* Plaintiff's "medical issues were not treated." *Id.*

## Discussion

In its Severance Order (Doc. 1), the Court designated the following counts to be severed into this *pro se* action. The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 4 –** Unconstitutional conditions of confinement claim against unspecified parties for subjecting Plaintiff to health risks from water under a boil order at the Jail in February 2016.
>
> **Count 5 -** Unconstitutional conditions of confinement claim against Smith for subjecting Plaintiff to health risks from water under a boil order at the Jail in February 2017.

### Count 4

The allegations in Count 4 are not associated with any specific defendant. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007);

FED. R. CIV. P. 8(a)(2). Thus, in order to pursue Count 4, Plaintiff must specifically identify, by name or Doe designation, the individual or individuals associated with this claim. Plaintiff has not done this. Accordingly, Count 4 shall be dismissed without prejudice for failure to state a claim.

**Count 5**

The applicable legal standard for Plaintiff's claim depends on his status as a pretrial detainee or prisoner. The Due Process Clause of the Fourteenth Amendment governs the claims of a pretrial detainee, and the Eighth Amendment applies to claims of prisoners. *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)). Although a convicted prisoner is entitled to freedom from conditions that amount to "cruel and unusual punishment," a pretrial detainee is entitled to be free from conditions that constitute "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Plaintiff, it appears, was a pretrial detainee during the relevant time period.

There is little practical difference between the standards that are applicable to pretrial detainees and convicted prisoners for claims involving the conditions of confinement. Claims brought under the Fourteenth Amendment are "appropriately analyzed under the Eighth Amendment." *Dart*, 803 F.3d at 310 (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners.")).

A prison official's deliberate indifference to an inmate's health or safety may violate the Eighth Amendment's ban on cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The inmate must allege both an objective and

a subjective component of the claim. To satisfy the objective component, the alleged deprivation must be "sufficiently serious"; that is, it must expose the inmate to a "substantial risk of serious harm." *Id.* (internal quotation marks omitted). To satisfy the subjective element, the prison official must have acted with deliberate indifference to the inmate's health or safety; the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S.Ct. 1970. With respect to claims related to contaminated water, "[j]ust as correctional officers cannot deprive inmates of nutritional food, they cannot deprive inmates of drinkable water." *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015).

Plaintiff has failed to satisfy both components of his deliberate indifference conditions of confinement claim. With respect to the objective component, Plaintiff claims he learned about the boil order when he was watching the news. (Doc. 1, p. 4). He asked Nurse Barbara for bottled water, but she refused his request. *Id.* Plaintiff claims that C.O. Smith then indicated that the boil order was not for "this county" and the water was safe to drink. *Id.* Plaintiff relayed what he heard on the news and asked to speak to a supervisor. *Id.* C.O. Smith left and C.O. Green subsequently made an announcement telling the inmates not to drink the water. *Id.* After the announcement, fresh water was delivered to Plaintiff's cell block. *Id.* Plaintiff claims that his "medical issues were not treated." *Id.*

The Court finds that the situation Plaintiff describes is not so objectively egregious as to rise to the level of a denial of the "minimal civilized measure of life's necessities" that would create a substantial risk to his health. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Instead, he experienced the type of "occasional discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Lunsford v. Bennett*,

17 F.3d 1574,1581 (7th Cir. 1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). He does not describe his "medical issues" in any detail. He also does not allege that he actually drank contaminated water or, if he did, that it caused him any lasting problems. Further, according to the Complaint, Plaintiff received fresh drinking water shortly after bringing the issue to C.O. Smith's attention. As such, the Court finds the objective component unsatisfied for Count 5.

With respect to the subjective component, Plaintiff claims that initially C.O. Smith did not believe the boil order was for "this county" and told the inmates the water was safe to drink. This suggests that C.O. Smith was simply mistaken; it does not imply that he acted maliciously, with the intent to harm Plaintiff, or even with any knowledge that potential harm could result. Moreover, shortly after Plaintiff relayed additional information to C.O. Smith, an announcement was made directing the inmates not to drink the water and fresh water was delivered tot Plaintiff. These allegations fall far short of suggesting Smith was deliberately indifferent toward Plaintiff.

For these reasons, Count 5 shall be dismissed without prejudice for failure to state a claim.

## Disposition

**IT IS HEREBY ORDERED** that the **COMPLAINT**, including **COUNTS 4 and 5**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his conditions of confinement claims pertaining to boil orders at the jail in February 2016 and February 2017, within 28 days of the entry of this order (on or before December 6, 2017). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the

instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-916-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the deliberate indifference claim will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review

of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: November 7, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.