# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRELL A. TEEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> R. SMITH, ) <br> ST. CLAIR COUNTY JAIL, ) <br> PHILLIP MCLAUREN, ) <br> JOHN DOE #1, ) <br> JOHN DOE #2, ) <br> MARY ROBINSON DAVIS, ) <br> NURSE DEBORAH, ) <br> NURSE ROBIN, and ) <br> CAPTAIN KENNY, ) <br> ) <br> Defendant. ) | Case No. 17-cv-916-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In *Teen v. St. Clair County Jail et al.*, Case No. 17-cv-594-JPG (S.D. Ill. June 5, 2017) ("Original Action"), Plaintiff Antrell A. Teen, an apparent pretrial detainee incarcerated at St. Clair County Jail ("Jail"), brought suit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at St. Clair County Jail ("Jail"). Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), two conditions of confinement claims pertaining to boil orders issued at the Jail in February 2016 and February 2017 were severed from that initial action to form the basis for this action, Case No. 17-cv-916-JPG. On November 8, 2017, the severed action was dismissed without prejudice and with leave to amend. (Doc. 6). Plaintiff filed his First Amended Complaint on December 5, 2017. (Doc. 7).

The First Amended Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

1

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The First Amended Complaint

In his First Amended Complaint (Doc. 7), Plaintiff makes the following allegations:

**Grievance Procedure**

Plaintiff claims that the grievance procedure in the Jail is "broken." (Doc. 7, p. 7). A majority of the time, his grievances receive no response. *Id.* Plaintiff claims that the flawed grievance procedure constitutes deliberate indifference, "deprives the inmates," and "prolong[s] deprivations." *Id.*

**Unsafe Water February 2016**

From February 17, 2016 through February 19, 2016, St. Clair County had a boil order in effect. *Id.* During this time, the "faculty, staff, supervisor, and administrators did not inform the inmates." *Id.* Additionally, inmates did not have access to uncontaminated water (such as bottled water) or other beverages. (Doc. 7, pp. 7-8). Accordingly, Plaintiff drank the contaminated water for three days, causing pain, headaches, nausea, diarrhea, and vomiting. (Doc. 7, p. 8).

Grievances about the contaminated water were given to the "block officers" and a correctional officer identified as "Riley."[1] *Id.* According to the First Amended Complaint, the grievances "were addressed to the supervisors on duty." *Id.* The "supervisors on duty" are not known and have been identified by Plaintiff as John Doe #1. Plaintiff describes the content of one grievance written by him. *Id.* Plaintiff claims the grievance inquired about rules during a boil order, last known water testing, and results of that testing. *Id.* Plaintiff received no response from "supervisors on duty or administrators." *Id.* On the third day of the boil order, Riley provided the inmates with clean drinking water. *Id.*

When Plaintiff became ill after drinking the contaminated water, he complained to "the nurse." *Id.* Plaintiff received no treatment from this individual. *Id.* Plaintiff also completed several sick calls, but was never scheduled for treatment. *Id.* Plaintiff claims that Defendants Nurse Robin and Nurse Deborah were responsible for reviewing sick call slips and scheduling medical appointments. *Id.*

**Unsafe Water February 2017**

On February 2, 2017, there was another boil order in effect for St. Clair County. Once again, "administrators" and "supervisors on duty" did not tell Plaintiff or other inmates about the

---

[1] Officer Riley is not a defendant in this action.

boil order. *Id.* The supervisors on duty are not known and are identified by Plaintiff as John Doe #2. *Id.* The inmates, including Plaintiff, learned about the boil order from watching the news. (Doc. 7, p. 9).

On February 2, 2017, when Nurse Barbara[2] made rounds to distribute medicine, she had a jug of water on her medicine cart. *Id.* This caused Plaintiff to inquire about the boil order. *Id.* Correctional Officer Smith overheard the inquiry and insisted there was not a boil order in effect. *Id.* Plaintiff claims that Smith intentionally lied in an effort to diffuse inmate anger regarding the boil order. *Id.* When Plaintiff protested, Smith indicated the boil order on the news was for a different county. *Id.* The inmates then asked Nurse Barbara if this was true and she responded, "If he says so." *Id.* Nonetheless, "after realizing [the inmates] were aware [of the boil order]," inmates in Plaintiff's block received bottled water to drink. *Id.* However, inmates in other blocks "that didn't make a fuss" did not receive bottled water. *Id.*

**Unsafe Drinking Water April 2017**

Another boil order was issued in April 2017. *Id.* Once again, Plaintiff and other inmates were not informed about the boil order and were forced to drink unsafe drinking water. *Id.*

**Mary Robinson Davis**

Plaintiff contends that Davis, the kitchen supervisor, is subject to liability because she was responsible for food and beverage service at the Jail. (Doc. 7, p. 9).

**Allegations Directed at Groups of Individuals**

Plaintiff directs a number of his claims against groups of individuals, such as administrators and supervisors. According to the First Amended Complaint, administrators

---

[2] Nurse Barbara is not a defendant in this action.

include the "Jail Administrator" and the "Assistant Jail Administrator."[3] (Doc. 7, p. 7). It is not clear, however, which, if any, of the specifically identified defendants is the "Jail Administrator" or the "Assistant Jail Administrator." Plaintiff claims that the administrators and/or supervisors at the Jail are subject to liability for failing to "put a plan or procedure into play that would prevent inmates [and] the Plaintiff from drinking unsafe, unsanitary water." (Doc. 7, p. 8).

## Dismissal of Improper Defendant

Plaintiff has named St. Clair County Jail as a defendant. A jail is not a "person" under § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993). It is not a legal entity in the first place and is therefore not amenable to suit. But even if the proper legal entity was named instead, the case law under § 1983 imposes additional hurdles to actions against governmental agencies that Plaintiff has not cleared. *See, e.g., Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Accordingly, the St. Clair County Jail shall be dismissed with prejudice from this case.

## Designation of Counts

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

---

[3] Plaintiff's list of defendants does not describe any of the defendants as being the "Jail Administrator" or the "Assistant Jail Administrator." (Doc. 7, pp. 1-2). The Court will not presume that McLauren, described as being a superintendent who is responsible for operations and inmate welfare, is the "Jail Administrator." Nor will the Court presume that Captain Kenny, described as being a captain who is responsible for operations and inmate welfare, is the "Assistant Jail Administrator."

| | | |
|---|---|---|
| **Count 1 –** | Fourteenth Amendment claim against McLauren, Kenny, Davis, and John Doe #1 for subjecting Plaintiff to health risks from water under a boil order at the Jail in February 2016. |
| **Count 2 -** | Fourteenth Amendment claim against McLauren, Kenny, Davis, John Doe #2, and Smith for subjecting Plaintiff to health risks from water under a boil order at the Jail in February 2017. |
| **Count 3 -** | Fourteenth Amendment claim against unspecified individuals for subjecting Plaintiff to health risks from water under a boil order at the Jail in April 2017. |
| **Count 4 -** | Fourteenth Amendment claim against Nurse Deborah and Nurse Robin for failing to schedule Plaintiff for a medical visit in February 2016, after Plaintiff submitted medical requests pertaining to symptoms associated with exposure to contaminated water. |
| **Count 5 -** | Fourteenth Amendment claim against an unspecified nurse for failing to treat Plaintiff in February 2016 when he complained about symptoms associated with exposure to contaminated water. |
| **Count 6 -** | Claim pertaining to inadequacies in the grievance system. |

**Applicable Legal Standard as to Conditions of Confinement Claims**

During the relevant time period, Plaintiff was a detainee rather than a convicted prisoner. Accordingly, Plaintiff's conditions of confinement claims (Counts 1-5) derive from the Fourteenth Amendment's guarantee of due process, not the Eighth Amendment's right to be free from cruel and unusual punishment. *See Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015). In the past, the Seventh Circuit applied the deliberate-indifference standard derived from the Eighth Amendment to conditions claims raised by pretrial detainees. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). The deliberate indifference standard "includes both an objective and subjective component and thus is more difficult to satisfy than its Fourth Amendment counterpart, which requires only that the defendant have been objectively unreasonable under the circumstances." *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017).

The propriety of applying the more stringent standard to pretrial detainees' conditions of confinement claims was recently called into question by *Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015). In *Kingsley*, a pretrial detainee sued for excessive force, and the Supreme Court held that the appropriate standard was whether the officers' purposeful or knowing use of force was objectively unreasonable, not whether the officers were subjectively aware that their use of force was unreasonable. *Id*. at 2470. However, *Kingsley* was an excessive force case, and it is not yet clear that the objective standard applies in other types of pretrial detention conditions cases.

In 2016, the Seventh Circuit suggested that the deliberate indifference standard still applies to other types of claims by pretrial detainees. *See Phillips v. Sheriff of Cook Cnty*., 828 F.3d 541, 554 n.31 (7th Cir. 2016) (acknowledging *Kingsley* but applying deliberate indifference standard to medical claim brought by pretrial detainee). In a subsequent decision, however, the Court of Appeals applied the objective unreasonableness standard to a conditions of confinement claim raised by several pretrial detainees. *Mulvania v. Sheriff of Rock Island Cty*., 850 F.3d 849, 856-58 (7th Cir. 2017). In *Mulvania*, female detainees challenged a jail's underwear policy, which deprived inmates of their underwear if it was not white. *Id.* Invoking *Kingsley,* the Appellate Court concluded the policy was not rationally related to a legitimate government objective, and, even if it were, the policy was excessive in relation to that purpose. *Id.* After *Mulvania,* the Seventh Circuit has acknowledged, but declined to decide the issue on two occasions. In *Collins v. Al-Shami,* 851 F.3d 727, (7th Cir. 2017), a conditions case involving medical care, the Seventh Circuit expressly declined to address whether *Kingsley* applied to the plaintiff's claims because resolution of the issue was unnecessary to the case before it. *Collins,*

851 F.3d at 731. The Appellate Court took the same route in *Smego v. Jumper,* 707 F. App'x 411 (7th Cir. 2017), explaining as follows:

> We have not decided whether the reasoning in *Kingsley* extends beyond claims of excessive force. *See Collins*, 851 F.3d at 731; *but see Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (applying objective-reasonableness standard to detainee's conditions-of-confinement claim); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (same with failure-to-protect claim). But we need not resolve this issue now, because even under the less demanding objective-reasonableness standard, [Plaintiff ] would not prevail.

*Smego,* 707 F. App'x at 412.

In the instant case, the Court need not resolve any uncertainty pertaining to *Kingsley* and Plaintiff's conditions of confinement claims (Counts 1 through 5). As is set forth more fully below, the Court finds that Count 4 survives even under the more stringent deliberate indifference standard. As to the remaining conditions of confinement claims (Counts 1 through 3 and Count 5), the Court finds that, regardless of which standard applies, the claims are subject to dismissal.

## Discussion

### Count 1

**Davis, McLauren, and Captain Kenny**

Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). The defendant must have caused or participated in the violation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir.2005). Here, Plaintiff has failed to bring allegations suggesting that Davis (a kitchen supervisor), McLauren (the superintendent), and Captain Kenny were personally involved in this alleged constitutional deprivation. Accordingly, regardless of which standard applies, Count 1 is subject to dismissal as to these individuals.

Plaintiff alleges that Davis is subject to liability merely because she was the kitchen supervisor. But, the doctrine of *respondeat superior* (blanket supervisory liability) is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.2001). Accordingly, the fact that Davis held a supervisory position – standing alone – states no claim. The same is true with regard to McLauren and Captain Kenny who, according to the First Amended Complaint, are responsible for operating the Jail and ensuring inmate welfare. Additionally, McLauren and Captain Kenny are not referenced in the body of the First Amended Complaint. Failure to assert a specific act of wrongdoing by these individuals does not suffice to meet the personal involvement requirement necessary for § 1983 liability. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995) ("to recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Plaintiff's generic allegations pertaining to administrators and supervisors are also insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"). By stating that supervisors and/or administrators failed to inform him about the boil order or failed to implement appropriate policies pertaining to boil orders, all Plaintiff has done is establish that there is a "sheer possibility" that someone in one of those groups harmed him. Additionally, allegations associated with "administrators" and/or "supervisors" are inadequate because the alleged conduct cannot be attributed to any of the specifically named defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Plaintiffs must associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint).

Accordingly, Count 1 shall be dismissed without prejudice as to Davis, McLauren, and Captain Kenny.

**John Doe #1 – Supervisors on Duty, February 2016**

Plaintiff contends that, during the February 2016 boil order, grievances were sent to unknown supervisors on duty (John Doe #1). According to the Complaint, Plaintiff's grievance asked whether a boil order was in place and whether various water tests had been completed. Plaintiff's grievances were allegedly ignored.

First, the failure to respond to a grievance, standing alone, generally states no claim. *See, e.g., Owens v. Evans*, No. 16-1645, 2017 WL 6728884, *3 (7th Cir. Dec. 13, 2017); *George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Second, Plaintiff does not allege that the supervisors on duty knew, via his grievance or otherwise, that he was being denied access to clean drinking water; Plaintiff merely claims he asked about water testing and whether a boil order was in effect. Without more, the grievance described by Plaintiff does not plausibly state a claim for deliberate indifference as to the supervisors on duty. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (an official may be subject to liability for deliberate indifference if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it) (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996). Additionally, Plaintiff's allegations do not support a claim under the less stringent objective unreasonableness standard. *See Sides v. City of Champaign,* 496 F.3d 820 (7th Cir.2007) (the first factor in evaluating whether an official's conduct was objectively unreasonable is whether the official was aware of the plaintiff's medical need).

Accordingly, Count 1 shall also be dismissed without prejudice as to John Doe #1.

**Count 2**

In Count 2, Plaintiff alleges that, on February 2, 2017, he and other inmates learned a boil order was in effect. Initially, when Plaintiff questioned Smith about the boil order, Smith denied that a boil order had been issued. When Plaintiff pressed the issue, Smith indicated that a boil order had been issued but it was not for their county. Plaintiff claims that Smith was intentionally lying in an effort to diffuse anger amongst the inmates. Even assuming that this is true, Plaintiff has failed to state a claim under even the less stringent objectively unreasonable standard. According to Plaintiff, he and the other inmates on his block received clean drinking water during the February 2017 boil order, albeit after enduring a brief argument with Smith. The fact that Plaintiff received clean drinking water negates any claim that the named Defendants subjected Plaintiff to health risks from contaminated water on this occasion. Additionally, Plaintiff's claim that other inmates were not "as lucky," states no claim. *See Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (a plaintiff lacks standing in a Section 1983 action where he alleges that inmates generally are treated in contravention to the constitution, but not that plaintiff himself was treated in violation of the constitution).

Accordingly, Count 2 shall be dismissed without prejudice.

**Count 3**

The allegations in Count 3 pertaining to the April 2017 boil order are not associated with any specific defendant. For reasons already discussed, this is insufficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

Accordingly, Count 3 shall be dismissed without prejudice.

**Count 4**

Construing the allegations in Plaintiff's complaint liberally as this Court is required to do, *see Haines v. Kerner*, 404 U.S. 519 (1987), the Court finds that Plaintiff has articulated a colorable claim against Nurse Deborah and Nurse Robin under the more stringent deliberate indifference standard. Plaintiff alleges that, after ingesting contaminated water, he experienced pain, headaches, nausea, diarrhea, and vomiting. Plaintiff alleges Nurse Deborah and Nurse Robin were responsible for scheduling medical appointments. He further alleges that he submitted sick call requests but Nurse Deborah and Nurse Robin failed to schedule Plaintiff for an appointment with a doctor. This is sufficient, at the pleading stage, to allow Count 4 to proceed.

**Count 5**

With respect to Count 5, Plaintiff claims that he complained to "the nurse" about certain physical symptoms associated with drinking contaminated water but did not receive any treatment. It is unclear whether "the nurse" refers to one of the two nurses included in his list of defendants or a third individual not included in his list of defendants. As such, the allegedly unconstitutional conduct described in Count 5 cannot be attributed to any of the specifically named defendants. For reasons already discussed, this is insufficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

Therefore, Count 5 shall be dismissed without prejudice.

**Count 6**

Plaintiff's allegations pertaining to inadequacies in the grievance process fail to state a claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The

Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

For this reason, Count 6 shall be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Defendant **ST. CLAIR COUNTY JAIL** is **DISMISSED** with prejudice. The Clerk is **DIRECTED** to terminate **ST. CLAIR COUNTY JAIL** as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNTS 1-3** and **COUNT 5** are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. In connection with the dismissal of these claims, Defendants **SMITH, MCLAUREN, JOHN DOE #1, JOHN DOE #2, DAVIS,** and **CAPTAIN KENNY** are **DISMISSED** without prejudice. The Clerk is **DIRECTED** to terminate these individuals as parties in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 4** shall receive further review as to Defendants **NURSE DEBORAH** and **NURSE ROBIN.**

**IT IS FURTHER ORDERED** that **COUNT 6** is **DISMISSED** with prejudice.

With respect to **COUNT 4,** the Clerk of Court shall prepare for **NURSE DEBORAH** and **NURSE ROBIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, a copy of the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect

formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendants cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendants' current work address, or, if not known, the Defendants' last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 21, 2018**

                                                <u>**s/J. Phil Gilbert**</u>
                                                **J. PHIL GILBERT**
                                                **United States District Judge**