UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTRELL A. TEEN,

    Plaintiff,

v.

DEBORAH HALE and ROBIN MCCLINTOCK,

    Defendants.

Case No. 17-cv-916-JPG-GCS

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 69) of Magistrate Judge Gilbert C. Sison. Following an evidentiary hearing, Magistrate Judge Sison recommends that the Court deny the defendants' motion for summary judgment based on failure to exhaust administrative remedies (Doc. 35). The defendants have filed objections to the Report (Doc. 70).[1]

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

---

[1] The Court notes that Magistrate Judge Sison has issued a separate Report and Recommendation (Doc. 72) recommending disposition of a summary judgment motion on the merits of the case. The Court considers this Report (Doc. 69) first because the exhaustion issue in 42 U.S.C. § 1997e(a) cannot be avoided by diving straight into the merits of the case. "Application of a law designed to prevent decision on the merits cannot be avoided by making the very decision whose propriety is contested, then declaring the decision-avoidance statute 'moot.'" *Perez v. Wisc. Dep't of Corr.*, 182 F.3d 532, 534 (7th Cir. 1999).

This case arose when, in February 2016, plaintiff Antrell A. Teen, a detainee in the St. Clair County Jail ("Jail"), drank water subject to a "boil water order," a condition imposed when a public water system has potentially been contaminated. Teen claims he ingested contaminated water and got sick, and then defendants Deborah Hale and Robin McClintock, nurses at the Jail, failed to schedule a doctor's appointment for him. The defendants ask the Court to dismiss Teen's case because he failed to exhaust all available administrative remedies before filing suit. They point out that the Jail's records of Teen's grievances do not contain any grievance complaining of the failure to receive medical care after ingesting the suspect water in February 2016.

In the Report, Magistrate Judge Sison found that Teen was credible when he testified he had submitted Captain's requests[2] about medical care following the boil water order but that his Captain's requests were never returned to him with responses. He further found that the Jail's "complete" file of Teen's grievances was not, in fact, complete because it failed to include grievances to which Jail personnel had responded, copies of which Teen produced at the hearing. Considering that evidence, Magistrate Judge Sison found that, while Teen failed to follow the entire exhaustion procedure at the Jail, it was because Jail personnel thwarted him from doing so, making the process unavailable to him. Magistrate Judge Sison concluded that the defendants had not carried their burden of proving the affirmative defense of failure to exhaust available administrative remedies.

In their objection, the defendants contend that Teen has still not produced a grievance

---

[2] Analysis of this case is complicated because the parties play fast and loose with the terms "Captain's request," "Captain's complaint," and "grievance." Filing a Captain's request is apparently a prerequisite for filing a grievance, but although they insist that the documents are distinguishable, the parties routinely use the terms interchangeably.

about the failure to receive medical care after drinking potentially contaminated water in February 2016 and that Magistrate Judge Sison was relying only on Teen's testimony that he actually submitted any such grievance. In their argument, however, they improperly place the burden on Teen to prove the existence of a relevant grievance. In reality, it is the *defendants'* burden to prove Teen did *not* file a grievance, and they have failed to make the required showing. Additionally, there was nothing wrong with Magistrate Judge Sison's relying on Teen's credible testimony, corroborated by evidence that the Jail's file was incomplete, to conclude that Teen submitted the grievance in question.

The defendants further argue that similar 2017 grievances over two different boil water orders in which Teen complained about the boil water orders *and* the failure to receive medical attention somehow show that Teen's February 2016 grievance about the water but not about the medical care was the only grievance Teen submitted related to that event. This is not enough to show, however, that Teen did not file a separate grievance about the lack of medical care in February 2016.

Finally, the defendants argue that Teen should have notified the Jail superintendent when he did not get a response to his Captain's request in fifteen days. He failed to do this, so the defendants believe he failed to exhaust remedies that were available to him. The problem is, however, that the Jail's procedures do not clearly require Teen to do this. They are, in fact, cryptic about what should be done when.[3] They start by saying the detainee must submit a

---

[3] The Grievance Procedure, quoted incorrectly in the defendants' brief, states:

**Grievance Procedure**
*Step 1.* A grieving detainee shall within 24 hrs. after he/she learns of circumstances or conditions which prompted the grievance, submit the grievance to the shift supervisor, in writing, informing him/her of the grievance and the

3

grievance to the shift supervisor within twenty-four hours of the incident complained of, and the shift supervisor must respond in three days. Further on, the procedure states that a Captain's request must be submitted prior to filing a grievance, and if no response is received within fifteen days, "the jail Superintendent needs to be notified." At Magistrate Judge Sison's hearing, the defendants' attorney indicated that the detainee must wait for a response to the Captain's request—for which fifteen days are allowed—before obtaining a grievance form and filing a grievance (Tr. 6-7, 9-10). How can a detainee file a grievance within twenty-four hours if he must wait possibly fifteen days for a response to his Captain's request before even getting a grievance form? Furthermore, it is unclear who is responsible for notifying the jail Superintendent; the procedural step is phrased as a "need" rather than a duty. Is it the detainee's

---

particulars concerning it. The immediate supervisor shall provide a written response to the grieving detainee within 3 days after receiving the grievance.

*Step 2.* If the grievance is not resolved to the detainee's satisfaction, the detainee may submit the grievance to the Assistant Jail Superintendent by summarizing the grievance in writing within forty eight (48) hours through the on shift supervisor. The grievance must be submitted to the Jail Superintendent within 3 days (not including weekends and holidays) of the decision of the Assistant Superintendent. The Jail Superintendent will review the response(s) and approve/disapprove them; if he disapproves them, he will take the necessary action to revise the previous response(s) according to the St. Clair County Jail Policies and Procedure Manual or to his professional opinion in a fair and impartial manner and return to the detainee within three (3) duty days. This shall constitute the final resolution of the grievance.

Note: Detainee Grievance Forms can be obtained from any supervisor or correctional officer. The Dress-Out Officer is responsible for briefing the grievance procedure to detainees prior to them being assigned to their respective housing units. **A Captains request must be submitted prior to the grievance procedure.** *If no response is received within 15 calendar days, then the jail Superintendent needs to be notified.*

Ex. A, Defs.' Resp. Summ. J. (Doc. 36-1 at 3) (emphasis in original).

duty to complain to the Jail superintendent that his Captain's request has gone unanswered, or must the Jail staff member responsible for responding inform his own supervisor that he has been unable to perform his duty of responding in a timely manner? These are only some of the ambiguities in the Jail's grievance procedure that could befuddle a detainee, effectively making the grievance procedure unavailable to him. In any case, this Court will not dismiss Teen's claim because he failed to notify the Jail superintendent where the procedures did not clearly require him to do so.

For these reasons, after conducting a *de novo* review, the Court agrees with the reasoning and conclusions Magistrate Judge Sison set forth in his Report. Accordingly, the Court:

- **ADOPTS** the Report in its entirety (Doc. 69);
- **OVERRULES** the defendants' objections to the Report (Doc. 70); and
- **DENIES** the defendants' motion for summary judgment based on failure to exhaust administrative remedies (Doc. 35).

**IT IS SO ORDERED.**
**DATED: December 2, 2019**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **DISTRICT JUDGE**