UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTRELL A. TEEN,

    Plaintiff,

    v.

DEBORAH HALE and ROBIN MCCLINTOCK,

    Defendants.

Case No. 17-cv-916-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 72) of Magistrate Judge Gilbert C. Sison. Magistrate Judge Sison recommends that the Court grant the motion of defendants Deborah Hale and Robin McClintock for summary judgment on the merits (Doc. 63). Plaintiff Antrell A. has filed an objection to the Report (Doc. 75), and Hale and McClintock have responded to that objection (Doc. 76).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This case arose in February 2016 when Teen, a detainee in the St. Clair County Jail ("Jail"), drank water subject to a "boil water order," a condition imposed when a public water system has potentially been contaminated. Teen claims he ingested contaminated water and got sick, and then Hale and McClintock, nurses at the Jail, failed to schedule a doctor's appointment

for him despite his requests for one. The defendants ask the Court to dismiss Teen's case because he has not presented any evidence he suffered from a serious medical need or that Hale or McClintock were aware of any need and responded in an objectively unreasonable way to that need.

In the Report, Magistrate Judge Sison found that Teen had not presented evidence that his ailments exceeded a mild illness following limited exposure to possibly contaminated water, not on the level of a serious medical need. Magistrate Judge Sison further found that Teen had no admissible evidence showing that Hale or McClintock were the individuals responsible for receiving detainees' requests for medical appointments or for scheduling those appointments. In fact, the admissible evidence shows they were not and could not therefore have acted unreasonably in response to his medical need.

In his objection, Teen notes that he was denied treatment for what he maintains was a serious medical condition. However, he continues to rely on hearsay to establish a connection between the defendants and his failure to receive treatment.

The Court has reviewed the matter *de novo* and concludes, as Magistrate Judge Sison did, that, even if Teen suffered from a serious medical need after drinking potentially contaminated water, he has not presented any admissible evidence tying the defendants to his failure to receive medical treatment. If Teen has no evidence that they were responsible for receiving his requests for medical appointments, that they actually received his requests, or that they were responsible for reviewing medical requests and scheduling appointments in order of medical priority, there is no way he can show they responded in an objectively unreasonable way to his condition by failing to schedule an appointment for him. While is it unfortunate Teen experienced medical

problems without treatment, there is no basis to hold the defendants liable for any failure to treat him.

For this reason, after conducting a *de novo* review, the Court agrees with the reasoning and conclusions Magistrate Judge Sison set forth in his Report. Accordingly, the Court:

- **ADOPTS** the Report in its entirety (Doc. 72);
- **OVERRULES** Teen's objection to the Report (Doc. 75);
- **GRANTS** the defendants' motion for summary judgment on the merits (Doc. 63);
- **DENIES as moot** in light of this ruling Teen's motion for subpoenas (Doc. 68); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: January 14, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**